45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul D. KATEKARU, Defendant-Appellant.
 Nos. 93-3194, 93-3197.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1995.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying pro se petitioner Katekaru's motion filed pursuant to 28 U.S.C. 2255 to vacate, set aside, or correct a sentence and finding that no evidentiary hearing was required on petitioner's claims of ineffective assistance of counsel because these allegations were completely and conclusively refuted by petitioner's statements and insufficient to trigger the hearing requirement of 2255. Hampton v. United States, 504 F.2d 600 (10th Cir.1974). Petitioner was released from custody by the Bureau of Prisons on November 15, 1993. We affirm.
 
 
 3
 The government argues that there have been no collateral legal consequences as a result of the challenged conviction and, therefore, that because the petitioner is no longer in custody this 2255 motion is moot. Without determining whether any collateral legal consequences have been imposed, we find that the district court did not err in determining that no evidentiary hearing was required on petitioner's allegations of ineffective assistance of counsel and that the district court did not abuse its discretion in denying the motion to vacate, set aside, or correct petitioner's sentence pursuant to 28 U.S.C. 2255. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470